

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JO PRUETT, | No. 15-16033 |
| Plaintiff - Appellant, | D.C. No. 3:14-cv-08068-GMS |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted March 25, 2016 [**]

Before:  D. NELSON, GRABER, and WATFORD, Circuit Judges.

Jo Pruett appeals the district court's judgment affirming the Commissioner

of Social Security's denial of Pruett's application for disability insurance benefits

under Title II of the Social Security Act.  Pruett alleged disability due to hip and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

shoulder dislocation, diabetic neuropathy in feet, arthritis in knees, hypertension, obesity, lumbar degenerative disease, and fibromyalgia. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's order affirming the administrative law judge's (ALJ) denial of benefits de novo, reversing "only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Id.* at 1111.

1.     The ALJ provided  "specific, legitimate reasons . . . based on substantial evidence in the record" when affording less than significant weight to treating rheumatologist Dr. Vijaybhanu Mahadevan's findings. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009) (internal quotation marks omitted). The ALJ permissibly found Dr. Mahadevan's environmental limits for Pruett, which stated that Pruett must avoid even occasional exposure to high humidity, air conditioning, and outdoor cold or heat, unsupported by office treatment records. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1040–41 (9th Cir. 2008). The ALJ also permissibly found Dr. Mahadevan's clinical findings to be inconsistent with

2

Pruett's admitted activities of daily living. *See Rollins v. Massanari,* 261 F.3d 853, 856 (9th Cir. 2001).

**2.** The ALJ also did not err when formulating the residual functioning capacity assessment for Pruett. Because the ALJ did not err in giving less weight to Dr. Mahadevan's findings, the ALJ properly rejected the extensive limitations outlined by Dr. Mahadevan. The ALJ adopted limitations resulting from the combination of Pruett's impairments, including fibromyalgia, and included only the limitations that were supported by substantial evidence. *See Batson v. Comm'r Soc. Sec. Admin.,* 359 F.3d 1190, 1197–98 (9th Cir. 2004). Finally, any arguments regarding the ALJ's credibility assessment of Pruett are waived. *See Greger v. Barnhart,* 464 F.3d 968, 973 (9th Cir. 2006).

Accordingly, substantial evidence supports the ALJ's determination that Pruett was not disabled within the meaning of the Social Security Act.

**AFFIRMED.**